# TABLE OF CONTENTS (INTERACTIVE)

| LLLLLLLLLLLL | |
|---|---|
| PART 8 | Petitioner's Appendix to Petition for Review |

# EXHIBIT LLLLLLLLLL
# PART 8

SUPERIOR COURT OF ARIZONA          *** FILED ***
MARICOPA COUNTY                    08/13/2002

08/01/2002                              CLERK OF THE COURT
                                             FORM P000

HONORABLE JANE BAYHAM-LESSELYONG            B.Corrigan
                                            Deputy

PB 2000-004531

IN THE MATTER OF THE GUARDIANSHIP    FILED: _____
OF:

NICHOLAS ANDRIANO                GARY ALAN WIESER
ASHLEE ANDRIANO


MINORS                           JOHN J JAKUBCZYK
                                 DAPHNE BUDGE

                                 DOCKET - PB-MH-TX-CCC




                         MINUTE ENTRY




        3:00p.m.   This is the time set for an evidentiary
hearing in the matter of the guardianship for the above
captioned minors.   Counsel Daphne Budge, substitute counsel,
replacing Counsel G. David Delozier, Jr., appears with the
petitioners, the maternal grandparents, Donna and Alejo Ochoa.
Counsel John J. Jakubczyk appears with the guardians Jeanea and
Bradley Lambeth.  Guardian ad Litem Gary Alan Wieser is present.
Also present in the courtroom are: Mr. and Mrs. Joseph Andriano
and James Andriano.

        Court Reporter Roger Nace is present in the courtroom.

        Discussion takes place.

Docket Code 004                                      Page 1

SUPERIOR COURT OF ARIZONA          \*\*\* FILED \*\*\*
MARICOPA COUNTY                    08/13/2002

08/01/2002                                    CLERK OF THE COURT
                                                  FORM P000

HONORABLE JANE BAYHAM-LESSELYONG              B. Corrigan
                                              Deputy

PB 2000-004531

      Counsel informs the court that there are visitation issues and the court has also received a motion to continue the hearing set for this date and time filed by Wendy Andriano as she wished to be transported to today's hearing.

      The court understands that the Maricopa County Sheriffs Office is short in transporting people and the court informed Ms. Andriano that the court would allow her to appear telephonically.  Ms. Andriano has not requested to appear telephonically at today's hearing.

      Ms Andriano has also by motion to this court asked that the court postpone any determination of her parental rights in this matter.  The court will not be addressing the issue of termination of parental rights at any time in this proceeding. Ms. Andriano has also requested that the court enter an Order for a court appointed attorney for her. The Court declines to appoint a court appointed attorney for mother.

      Counsel Budge informs the court of her inability to gather all the information necessary to allow her to effectively handle the issues in this matter, as she has been involved with the case for just four days.

      Regarding telephonic visits with mother as previously discussed in court, any proposed sessions counseling of mother and children with counselor Ms. Linda Gray is postponed for the present time due to the proximity of the criminal trial.  All the parties agree this would be appropriate so the minors would not be subjected or exposed to very high emotions from both parties.

      Counsel Wieser presents his report to the court and suggests an independent counselor be appointed to work with the grandparents and supervise their visits with the children in order to work through the issues the children are voicing.  The Court asks counsel for the children to work on the possibility

Docket Code 004                                              Page 2

P-App. 003711

```
                    SUPERIOR COURT OF ARIZONA      *** FILED ***
                        MARICOPA COUNTY            08/13/2002

08/01/2002                              CLERK OF THE COURT
                                             FORM P000

HONORABLE JANE BAYHAM-LESSELYONG             B.Corrigan
                                             Deputy

PB 2000-004531
```

of the parties reaching an agreement regarding this counseling and scheduling the sessions as quickly as possible.

Good cause appearing,

IT IS ORDERED that regular visitations will be suspended for a two-week period so suspended for a two-week period so supervised therapeutic sessions can occur with a counselor and the Ochoa grandparents.

IT IS FURTHER ORDERED confirming a continuation of this evidentiary hearing to **Friday, September 13, 2002 at 1:45p.m** in this division.

Matter concludes.

07/13/2002  03:43   4305755561                GDAVIDELOZIER                      PAGE  03

1  John J. Jakubczyk, Bar No. 005854
2  2711 North 24th Street, Suite 200
   Phoenix, Arizona 85008
   (602) 468-0050
3  Attorney for Guardians Bradley James and Jeanea Lambeth

4

5              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6                   IN AND FOR THE COUNTY OF PINAL

7  In the matter of the adoption of:          )   No.  AD 2001-00058
                                              )
8                                             )   MOTION TO DISMISS
9  NICHOLAS ANDRIANO and                      )   PETITION TO ADOPT
   ASHLEE ANDRIANO                            )
                                              )   MOTION FOR SANCTIONS
10        Minor Children.                     )   FOR FAILURE TO COMPLY
                                              )   WITH COURT ORDER
11                                            )
                                              )   (Before the Honorable
12 _____)   William J. O'Neil)

13        Guardians, Bradley James Lambeth and Jeanea Lambeth, by and through undersigned

14 counsel, hereby move this Court to dismiss the *Petition to Adopt* filed by Alejo and Donna Ochoa

15 as and for the following reasons set forth herein below.  By filing this *Motion to Dismiss*, the

16 Guardians do not acknowledge or agree that the *Petition* was properly filed in this County or that

17 the Court would have jurisdiction over the children to address the substantive questions given the

18 current placement of the children.  However, given the actions of the Ochoas and their attorney,

19 the Guardians believe that a motion to dismiss and a request for sanctions and attorney's fees are

20 appropriate.

21        The Ochoas filed a Petition to Adopt on or about August 31, 2001.  At the time that they

22 filed the *Petition to Adopt*, the two minor children had been in the custody of Bradley and Jeanea

23 Lambeth for almost one year.  As of this date, the children have been in sole care, custody and

24 control of Bradley and Jeanea Lambeth pursuant to a court order granting guardianship for over

25 twenty months, since October 2000.

26        The Ochoas and their attorney did not give notice to the guardians when they filed the

27 *Petition to Adopt*.  They did not provide notice of the *Petition to Adopt* to the guardians' attorney.

28 They did not provide notice of the *Petition to Adopt* to the children's guardian ad litem, Gary

PCRDIS-D002326

1  Wieser.  Mr. Wieser was appointed by the Maricopa County Superior Court per Commissioner

2  Jane Bayham-Lesselyong to be the guardian ad litem for Nicholas and Ashlee on March 23, 2001.

3      None of the subsequent pleadings which were filed with this Court were sent to the

4  Maricopa County Superior Court Commissioner, the guardians, their attorney, or the guardian ad

5  litem.

6      In the minute entry dated December 18, 2001 and signed January 2, 2002, this Court

7  issued an order directing the Petitioners to send a copy of the *Petition to Adopt* to the guardians.

8  The Petitioners and their attorney did not comply with this Order.

9      Further, this Order also directed that the Petitioners have the agency doing the home study

10  contact the guardians, visit them and determine the current living arrangements for the children.

11      There is no indication in the file that the Court investigators were told of this order and

12  complied with this order.  It is unknown at this time whether the Court investigators are aware

13  of anything concerning the conflict between the Ochoas and the guardians.  This Court issued

14  these orders on January 2, 2002.  Counsel for the guardians learned about the filing of the Petition

15  on July 8, 2002.  Counsel did not learn this information from the Petitioners or their attorney.

16      Counsel thereafter filed a *Petition to Request Inspection of Documents*.  At that time

17  counsel discovered that this Court had ordered the attorney to send a copy of the Petition to the

18  guardians.

19      The Court is also advised that the Petitioners and their attorney did not advise

20  Commissioner Bayham-Lesselyong of their filing the *Petition to Adopt*.

21      Aside from the issue of lapse in judgment in failing to advise the guardians in the

22  beginning, the failure of the Petitioners and their attorney after a direct court order to advise the

23  court and opposing parties has worked a grave disservice to the guardians.

24      This Court therefore should dismiss the *Petition* with prejudice, sanction the Petitioners

25  and their attorney as this Court deems appropriate and award the guardians their attorney's fees

26  for   having   to   discover   this   action   and   take   the   appropriate   action.

27

28                                           -2-

07/15/2002  08:43  4585756552          SLAW/IDELDZIER                    PAGE  05

1          RESPECTFULLY SUBMITTED this _15_ day of July, 2002.

2

3

4                                          John J. Jakubczyk
                                           Attorney for Guardians
5                                          Bradley James and Jeanea Lambeth

6      ORIGINAL of the foregoing mailed
       this _16_ day of July, 2002, to:
7
       Clerk of the Court
8      PINAL COUNTY SUPERIOR COURT
       31 N. Pinal Street, Building E
9      Florence, Arizona 85232

10     COPIES of the foregoing mailed/
       hand-delivered this _16_ day
11     of July, 2002, to:

12     Honorable William J. O'Neil
       PINAL COUNTY SUPERIOR COURT
13     31 N. Pinal Street, Building E
       Florence, Arizona 85232
14
       G. David DeLozier, Esq.
15     LAW OFFICES OF G. DAVID DeLOZIER, P.C.
       4016 East Forest Pleasant Place
16     Cave Creek, Arizona 85331
       Attorney for the Grandparents, Alejo and Donna Ochoa
17
       Gary Alan Wieser, Esq.
18     4506 N, 12th Street
       Phoenix, Arizona 85014
19     Guardian ad Litem for the Minor Children:
       Nicholas and Ashlee Andriano
20

21     By:

22

23

24

25

26

27

28                                    -3-

PCRDIS-D002328

**IN THE SUPERIOR COURT**

PINAL COUNTY, STATE OF ARIZONA

**Filed** in Court
Record
Date Filed: 07/31/2002
Time Filed: 07:01 AM

Date: 07/23/2002

THE HON WILLIAM J O'NEIL
Division 1
Court Reporter: NONE

ALMA JENNINGS HAUGHT, CLERK

By, VESTA L. BLAKEMAN Deputy Clerk

IN THE MATTER OF THE
ADOPTION OF:

NICHOLAS ANDRIANO and
ASHLEE ANDRIANO,

Minor Child(ren)

AD200100058

MINUTE ENTRY ACTION:

RULING ON MOTION(S) /
ISSUE(S)

PRESENT:

A Notice of Dismissal was submitted by counsel for the petitioners. This Court on December 18, 2001 ordered the petitioners to serve the guardians with the Petition for Adoption. The Court further ordered petitioners to cause the social study to be amended to include interviews of the guardians and the present living arrangements of the children and to make recommendations regarding the children's best interest in light of the complete severance of all rights with the guardians and paternal grandparents. Compliance with that order was submitted despite more than one-half of a year having passed.

IT IS HEREBY ORDERED directing counsel for the petitioner to submit to the Court in writing an explanation for his failure to abide by this Court's direct orders and whether his failure to abide by these orders was as a result of directives from his clients or his own initiative and why Home Builders for Children, Inc. failed to amend its report as previously ordered. Contempt is contemplated and counsel should govern himself accordingly.

This Court's concern for a surreptitious adoption with an intent to permanently estrange the paternal family of these children is heightened, and as a result, this Court forwards this Court's prior minute entry order of December 18, 2001, as

2599 AD200100058 Page 1 of 2

P-App. 003716

well as a copy of this minute entry order, to its sister court in Maricopa County in which the guardianship has been filed under Cause No. PB2000-004531, Superior Court in and for the County of Maricopa.

**Mailed/distributed copy:** 08/01/2002

cc:
G DAVID DELOZIER JR


JOHN J JAKUBCZYK
ATTORNEY AT LAW
2711 N 24TH ST STE 200
PHOENIX AZ  85008

WENDI E ANDRIANO
BOOKING #a631830
ESTRELLA FACILITY MCSO
2939 W DURANGO
PHOENIX AZ  85009

CLERK OF SUPERIOR COURT
101/201 W JEFFERSON (ECB-CCB)
PHOENIX AZ  85003-2205

PCRDIS-D002010

P-App. 003717

Print Document

FILED
4:00pm  8-1-02
MICHAEL K. JEANES, Clerk
By L. Muhammad
Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR MARICOPA COUNTY

In the Matter of the Guardianship of

NICHOLAS ANDRIANO and
ASHLEE ANDRIANO,

Minor Children.

No. PB 2000-004531

ORDER

On stipulation of the parties with the written consent of the Maternal

Grandparents of the Minor Children, and good cause appearing,

IT IS HEREBY ORDERED substituting Daphne Budge for G. David DeLozier as

counsel of record for the Maternal Grandparents for all further proceedings in the

above-captioned matter.

Dated this ___31___ day of ___July___, 2002.

HON. JANE BAYHAM-LESSELYONG
Maricopa County Superior Court Commissioner

D000000006

7/11/2012

P-App. 003718

G. DAVID DeLOZIER

(Bar no. 005237)

File no: 01-2071

By Supreme Court judgment and order dated March 25, 2004, G. David DeLozier, 4016 E. Forest Pleasant, Cave Creek, Arizona 85331, was censured by consent. Mr. DeLozier was placed on one year of probation, including consulting with the State Bar's staff examiner regarding his trust account. Mr. DeLozier must pay the State Bar's costs and expenses of $780.20, together with interest at the legal rate.

The State Bar received two overdraft notices from Mr. DeLozier's bank. A review of Mr. DeLozier's trust account revealed that Mr. Delozier had earned the clients' funds that were in his trust account, but he never transferred those funds to his operating account. Instead, he treated the funds as fully earned and used them for other purposes. Because of this practice, Respondent's records show positive trust balances for some clients who really did not have a positive balance. Mr. DeLozier failed to safeguard client funds and he commingled his personal funds with client funds. Mr. DeLozier also failed to conduct monthly reconciliations of his trust account; made non-client-related transactions from his trust account; failed to maintain complete trust account records for a period of five years; failed to confirm that funds were on deposit in the trust account for clients prior to drawing offsetting disbursements; and failed to disburse from the trust account with pre-numbered checks. No clients were harmed by Respondent's conduct. Mr. DeLozier violated ER 1.15, Rule 42, Ariz.R.S.Ct., and Rules 43 and 44, Ariz.R.S.Ct.

Two aggravating factors were found: prior disciplinary offenses and substantial experience in the practice of law. Three mitigating factors were found: absence of dishonest or selfish motive; full and free disclosure to a disciplinary board or cooperative attitude towards the proceedings; and interim rehabilitation.

1.

## IN THE SUPERIOR COURT

PINAL COUNTY, STATE OF ARIZONA

Filed in Court
Record
Date Filed: 10/16/2002
Time Filed: 01:27 PM

Date: 10/15/2002

THE HON WILLIAM J O'NEIL
Division 1
Court Reporter: NONE

ALMA JENNINGS HAUGHT, CLERK

By. GINA M. LAUGHLIN Deputy Clerk

IN THE MATTER OF THE
ADOPTION OF:

NICHOLAS ANDRIANO and
ASHLEE ANDRIANO,

Minor Child(ren)

AD200100058

MINUTE ENTRY ACTION:

RULING ON MOTION(S) /
ISSUE(S)

PRESENT:

RULING UNDER ADVISEMENT

This matter was set for Evidentiary Hearing by the Court at the request of Petitioners/Maternal Grandparents. The Court permitted both counsel of record, G. David DeLozier, and their counsel in a Maricopa County cause, Daphne Budge, to submit statements, avowals and to make argument. Thereafter, a Substitution of Counsel was submitted and a "Motion for Order Denying Monetary Sanctions" was submitted. This Court previously rejected the ex parte communications submitted by Ms. Budge and the Court having already conducted the evidentiary hearing and having the matter under advisement does summarily deny the Motion for Order Denying Monetary Sanctions.

The Court's orders in this action were clear and unequivocal. Likewise, the avowal of Ms. Budge in her closing statements makes clear that the grandparents believe the Court in Maricopa County acted improperly; that counsel appointed for the children in that action acted improperly and that as they were not getting the result they wanted, they chose to file the adoption. The Court finds it impossible to accept that they did not contemplate that the methodology by which these pleadings were submitted and the timing of them would result in paternal interest being severed permanently. The Court finds counsel G. David DeLozier intentionally and surreptitiously avoided this Court's orders with the intentions of permanently severing the paternal interest of the children and that he intentionally disregarded this Court's orders.

PCRDIS-D001831

IT IS ORDERED that a copy of the transcript of the hearing be prepared.

IT IS FURTHER ORDERED as a sanction that G. DAVID DELOZIER pay for such transcript, a copy of which will be forwarded to the State Bar of Arizona for review to determine if unethical behavior was conducted by him. As a further sanction, he is ORDERED to pay attorney fees of the paternal aunt and uncle/guardians in the amount of $6,000.00, which sum is reduced to judgment.

Further, the Court finds the Petitioners/Maternal Grandparents, Donna and Alejo Ochoa, knew the orders were not being abided by, that the actions were done to thwart the orders of the Maricopa Superior Court. A copy of this minute entry shall be forwarded to this Court's sister court in Maricopa County, cause PB20000-004531, with a copy to the assigned Judge. As a sanction, the Petition to Adopt by Donna Ochoa and/or Alejo Ochoa is dismissed with prejudice.

Signed this 18TH day of October, 2002.

WILLIAM J. O'NEIL

JUDGE OF THE SUPERIOR COURT

Mailed/distributed copy: 10/15/2002

cc:
G DAVID DELOZIER JR – PETITIONERS/
MATERNAL GRANDPARENTS

JOHN J JAKUBCZYK – CSL FOR
GUARDIANS IN MARICOPA COUNTY CASE

DAPHNE BUDGE – CSL FOR MATERNAL
GRANDPARENTS IN MARICOPA COUNTY
CAUSE PB20000-004531

2599                              AD200100058                        Page 2 of 2

PCRDIS-D001832

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

PB 2000-004531                                          12/10/2002

HONORABLE JANE BAYHAM-LESSELYONG        CLERK OF THE COURT
                                                  L. Muhammad
                                                      Deputy

IN THE MATTER OF THE GUARDIANSHIP       FILED: 12/12/2002
OF:

NICHOLAS ANDRIANO                       GARY ALAN WIESER
ASHLEE ANDRIANO

MINORS                                  JOHN J JAKUBCZYK
                                        WENDI ANDRIANO #A631830

                                        PHOENIX AZ  85009
                                        DAPHNE BUDGE
                                        DANIEL B PATTERSON

                                        MCSO-OIC
                                        ATTN WENDI ANDRIANO #A631830


                          MINUTE ENTRY

        This matter has been submitted to the court based upon the testimony previously
presented and based upon the arguments made in open court regarding the future issues in this
matter.

        THE COURT DENIES the Ochoa grandparents' request to remove the Lambeths as
guardians of the minor children.

        THE COURT CONFIRMS the appointment of Janae and Brad Lambeth as guardians of
Nicholas and Ashlee Andriano

        THE COURT FINDS that it is in the best interests of the minor children to remain living
with the Lambeths and have regular visitation rights with the Ochoa grandparents. It is in the
best interest of the minor children to continue to maintain their relationship with both sets of
parents. The minor children have continued to have frequent contact with the Andriano
grandparents, as Janea Lambeth is the daughter of the Andrianos and is in close contact.

        At the time of the submission, it was stated that Linda Gray, the children's therapist,
believed it was in the children's best interests to continue the supervised or therapeutic visits,

Docket Code 019                    Form P000                          Page 1

PCRDIS-D001756

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

PB 2000-004531                                                12/10/2002

although Jeannette Brown, the supervising therapist did not believe continued supervision was warranted.

So that the children could exercise continued visitation, regardless to the recommendations of the children's therapist,

THE COURT FINDS that it is appropriate to set up at least eight weeks of therapeutic visits on Tuesdays for 1 to 2 hours, with Tuesday December 24, 2002 occurring in the morning, if possible. The costs shall be born by the Ochoas, but if Linda Gray, the children's counselor, recommends them, they will be born one-half by each party.

**The court may issue orders canceling the requirement of therapeutic visits and instituting unsupervised visits at the same time after receipt of a written recommendation of Linda Gray.**

The court requests Ms. Gray make a recommendation to the court **within 15 days of** receipt of this minute entry.

In addition, it would be the court's ultimate order that on the third weekend of every month, the maternal grandparents could exercise regular visitation with Nicholas and Ashlee, commencing with four hours of unsupervised visitation from 11:00 a.m. to 3:00 p.m. on Saturday, with pickup and delivery to the home of the paternal grandparents.

After a period of **four months** with little or no problems for the children, and after Mr. Wieser's written recommendation, which would be prepared after contact with Ms. Gray and any other counselor involved, the court would increase this visitations on Saturday from 11:00 a.m. to 7:00 p.m. that evening. After an additional **five months** with no problems and upon written recommendation of Mr. Wieser after the consultations, the court would increase the visitation to overnights until Sunday at 2:00 p.m., with the weekday visitation the preceding week dropped.

THE COURT FURTHER ORDERS that two weeks of therapeutic visits with the Ochoas shall be reinstituted the week before and the week after the natural mother's court hearing, with no visitation the week of the hearing. This is to insure that any uncomfortable moments can be addressed in a therapeutic session. The therapeutic supervisor should be in contact with Linda Gray to insure the children's issues are protected.

None of the parties shall make negative comments to or around the minor children regarding the other family members. None of the parties shall discuss any issues regarding the natural mother or criminal matters in or near the presence of the children.

The Ochoas are prohibited from calling or talking to the natural mother, while the minor children are visiting with them. .

Docket Code 019                        Form P000                        Page 2

PCRDIS-D001757

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

PB 2000-004531                                          12/10/2002

In case of emergency change of visitation, the other family should be contacted tele-phonically or calls made to the paternal grandmother.

THE COURT ALSO AUTHORIZES the Ochoas to have two telephonic calls per week to the Andriano home to talk to the two minor children not to exceed 10 minutes at 7:00 p.m., or as arranged between the grandmothers, Ochoa and Andriano.

**THE COURT BELIEVES it to be in the best interests of the minor children to nominate a counselor to help the children with any adjustments to visitation and to address adjustment issues regarding the visitation. The court anticipates this counselor can discuss the issues with Linda Gray and with Mr. Wieser and is assigned to help resolve visitation issues. The counselor nominated in the courtroom is acceptable to the court.**

**The court will request that the Ochoas pay for the costs of the visitation to the counselor, as the Lambeths are paying the costs of caring for the children.**

**Additionally, in the event there is an issue of visitation the parties cannot resolve, the court will request that Mr. Wieser frame the issue in a letter sent to both parties and requesting that a Juvenile court mediation be set up prior to the re-filing for any hearing with this court.**

Linda Gray shall determine when it is appropriate for the children to have any contact with the natural mother. Ms. shall insure that therapeutic precautions are in place with all parties regarding the natural mother.

THE COURT REQUESTS Ms. Gray to relate her concerns through Mr. Wieser, who should attempt to resolve the issues between the parties, but has authority to bring the issues to the attention of the court.

Let the record reflect the following:

Exhibit 31 is filed in the court's file as a document.

Exhibits released after appeal period runs:

Respondent's 19, Petitioner's 28 and 30.

ISSUED: Exhibits Release Forms (2).

FILED December 10, 2002:

Exhibit Worksheet.

Docket Code 019                     Form P000                            Page 3

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

PB 2000-004531                                              09/08/2003

HONORABLE JANE BAYHAM-LESSELYONG         CLERK OF THE COURT
                                                L. Owens
                                                Deputy

IN THE MATTER OF THE GUARDIANSHIP        FILED: 09/24/2003
OF:

NICHOLAS ANDRIANO                        GARY ALAN WIESER
ASHLEE ANDRIANO

MINORS                                   DAPHNE BUDGE
                                         JOHN J JAKUBCZYK


MINUTE ENTRY


11:22 a.m.  This is the time set for oral argument on the guardians' Application for
Attorney Fees.  The guardians are represented by John Jakubczyk.  The grandparents Donna and
Alejo Ochoa are present with counsel Daphne Budge.

No court reporter is present.

Argument is presented to the Court.

The Court believes that there were many opportunities to resolve this matter.  The
petition to withdraw consents to the guardianship and therefore terminate the guardianship was
filed because the grandparents were unhappy with the rulings of the court and the
recommendations of counselor Linda Gray's findings.  There is definite reason to award attorney
fees.  The Court believes it is appropriate to award to guardians' counsel one half of counsel's
fees originally requested.

IT IS ORDERED granting $9000 to the guardians for attorney fees.

Let the record reflect that the reason Wendi Andriano has not been afforded
visitation rights at this time is because the counselor feels it would be very difficult for the
children.  It is this court's position that it is very important to insure the children feel their
placement is stable.  The counselor believes it is very necessary for the children to know the

Docket Code 019                    Form P000                         Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

PB 2000-004531

09/08/2003

mother is in a safe place but not that she is incarcerated. Therefore the court has prohibited the visitation until the counselor believes it is in the minors' best interests.

Counsel for the guardians shall retain $3000 of the $9000 in reserve in his trust account so that if there are problems with the grandparents' visitation in the future funds can be imposed as a sanction.

Ms. Budge has raised the issue that since the letter of Ms. Gray to the Court was submitted on 7/31/03 visitation has not been occurring regularly. The Court informs the parties that the prior orders remain in full force and effect. Due to the gap in visitation it is appropriate to immediately have a supervised visit between the hours of 11:00 a.m. and 3:00 p.m. between now and the third weekend when unsupervised visits are allowed unless the Court receives a written report from either Ms. Mihalek or Ms. Gray that unsupervised visits are not appropriate. Ms. Mihalek has a person available to provide exchanges for the visitations, as recommended in the report of Linda Gray. Pickup and delivery shall occur at exchange supervisor's office in order to minimize costs and maximize the amount of time of grandparents with the children.

The Children's Advocacy Center report is filed.

All the remaining orders of the 12/10/02 minute entry remains in full force and effect. The Ochoas shall keep the exchange supervisor informed of the date and time and establish arrangements for the supervised visits at the time of their daughter's trial as set forth in the minute entry.

The Court will await an additional written recommendation before any overnights are commenced.

Additionally, due to problems with telephone contact, the Lambeths shall initiate the calls to the Ochoas for the minors' telephonic visitations. In the event they do not initiate the call by 7;15 the Ochoas may call the Andriano house. In the event any calls are missed, Mr. Lambeth shall call the Ochoas and inform them of the reason and reschedule the telephonic visitations.

Ms. Budge shall call Ms. Mihalek before September 20, 2003. Supervised visits between the hours of 11:00 a.m. and 3:00 p.m. shall occur between now and the third weekend when unsupervised visits are allowed unless a report is received from Ms. Mihalek.

Docket Code 019

Form P000

Page 2

Subj:          **Re:**
Date:          3/3/03 7:21:38 PM US Mountain Standard Time
From:          donnaeochoa@hotmail.com
To:            mailto:GDDeLozier@aol.comGDDeLozier@aol.com
*Sent from the Internet (Details)*

Severance hearing:

April 14, 2003 @ 9:15 a.m.
Judge Dairman
Maricopa Country Superior Court
1810 S. Lewis St
Mesa, AZ


>From: GDDeLozier@aol.com
>To: donnaeochoa@hotmail.com
>Subject: Re: Date: Mon, 3 Mar 2003 19:33:02 EST
>
>I am sorry, I meant the severance hearing; is that what you are giving me?
>
>G. David DeLozier
>G. DAVID DELOZIER, P.C.
>Attorney at Law
>4016 E. Forest Pleasant Place
>Cave Creek, AZ 85331
>Telephone: 480-575-6660
>Facsimile: 480-575-6661
>E-Mail: gddelozier@aol.com


The new MSN 8: advanced junk mail protection and 2 months FREE*
http://join.msn.com/?page=features/junkmail

PCRDIS-D000505

And al no children

Subj: Re: Wendi & the kids
Date: 4/14/03 8:33:47 PM US Mountain Standard Time
From: inhispresence@hotmail.com
To: GDDeLozier@aol.com
Sent from the Internet (Details)

The judge wouldn't dismiss the request. He will be changing positions and
will let the next judge deal with everything. But he did set a mediation in
June. And set a pre-trial and hearing dates after July becuase of Wendi's
trial. He didn't like John J. saying that he felt Wendi was going to be
found guilty. He also dismissed Gary Weiser and kept Jeanelle McCann as the
GAL. And he scolded the Lambeth's, saying that children need all extended
family. I sure wished he was going to be the judge. He didn't put up with
anything from John.
D


>From: GDDeLozier@aol.com
>To: inhispresence@hotmail.com
>Subject: Wendi & the kids
>Date: Mon, 14 Apr 2003 21:16:59 EDT
>
>Donna:
>what happened today at court?
>
>G. David DeLozier
>G. DAVID DELOZIER, P.C.
>Attorney at Law
>4016 E. Forest Pleasant Place
>Cave Creek, AZ 85331
>Telephone: 480-575-6660
>Facsimile: 480-575-6661
>E-Mail: gddelozier@aol.com

_____

The new MSN 8: smart spam protection and 2 months FREE*
http://join.msn.com/?page=features/junkmail

| | |
|---|---|
| Subj: | |
| Date: | 5/16/2003 10:03:12 AM US Mountain Standard Time |
| From: | grandmaochoa@hotmail.com |
| To: | daphnebudge@qwest.net |
| CC: | Daphne.Budge@azbar.org |

*Andrianos children*

Sent from the Internet (Details)

Alejo spoke with Kathleen, the social worker this morning. We have had 7 visits and she spoke with Linda Gray, saying that she sees no reason that we need any more supervised visits. Linda agrees. Kathleen also told Linda that she sees no reason that we shouldn't be having overnights and apparently Linda agrees with that also. The two of them together are going to talk with the Andrianos/Lambeths next week. Of course, Jeanea is having a fit saying that we need to have supervised visits.

If we get a letter from John J. saying that supervised visits need to continue, we will insist that the Lambeths pay for it, because it would not be on the advise of the therapists.

Kathleen has taken great notes and has not had good relations with the Lambeths as far as setting up visits, returned calls, etc. Between her notes and Parenting Skills, the Lambeths will not look good.

We attempt to talk with the children, make calls, but they answer the phone only occasionally. A couple times we called, then Brad called back on his cell phone (not speaking to us but having Nicholas on the phone).

Have you received anything stating the date and time of the mediation?

Donna

Add photos to your e-mail with MSN 8. Get 2 months FREE*.
http://join.msn.com/?page=features/featuredemail

Saturday, May 17, 2003 America Online: GDDeLozier

PCRDIS-D002760

P-App. 003729

Rich Robertson Consulting & Investigations

PO Box 825
Gilbert, AZ  85299-825
Ph - 480/726-3961 FX- 480/792-6642
AZDPS# 0008002

Tax ID # 86-1004649

## Invoice

| Date | Invoice # | Due Date |
|------|-----------|----------|
| 5/15/2003 | 726 | 6/17/2003 |

**Bill To**

G. David DeLozier
Attorney at Law
4016 East Forest Pleasant
Cave Creek, AZ 85331-5439

Inquiry Regarding

Andriano Family

| Date | Services / Expenses | Hours / Quantity | Amount |
|------|---------------------|------------------|--------|
| 05/09/03 | Visit Mesa Juvinile Court re: Andriano children; Confer with Kathy at David's office; E-mail David | 0.5 | 37.50 |

---

G. DAVID DELOZIER, P.C., ATTORNEY
PH. 480-575-6960
4016 E. FOREST PLEASANT PL.
CAVE CREEK, AZ  85331

7413

DATE 6-9-03

91-247
1221
26075022

PAY TO THE ORDER OF _Rich Robertson Consulting & Investigations_  | $ 37.50

_Thirty - seven +50/100_ DOLLARS

**BANK ONE.**
Bank One, NA
Phoenix, Arizona 85003
www.BankOne.com

FOR _# 726/Andriano_

⑆0074130⑆ ⑇122100024⑇ 26675022⑈

---

Thank you for your business.

| | Total | $37.50 |

POSTED

PCRDIS-D000571

Rich Robertson Consulting & Investigations

PO Box 825
Gilbert, AZ  85299-825
Ph - 480/726-3961 FX- 480/792-6642
AZDPS# 0008002

Tax ID # 86-1004649

# Invoice

| Date | Invoice # | Due Date |
|------|-----------|----------|
| 5/15/2003 | 726 | 6/17/2003 |

**Bill To**

G. David DeLozier
Attorney at Law
4016 East Forest Pleasant
Cave Creek, AZ 85331-5439

Inquiry Regarding

Andriano Family *Children fund Appeal*

| Date | Services / Expenses | Hours / Quantity | Amount |
|------|--------------------|--------------------|--------|
| 05/09/03 | Visit Mesa Juvinile Court re: Andriano children; Confer with Kathy at David's office; E-mail David | 0.5 | 37.50 |

| | | |
|---|---|---|
| Thank you for your business. | **Total** | $37.50 |

PCRDIS-D000570

**Rich Robertson Consulting & Investigations**
PO Box 825
Gilbert, AZ   85299-825
Ph - .480/726-3961  FX- 480/792-6642
AZDPS# 0008002

Tax ID # 86-1004649

# Invoice

| Date | Invoice # | Due Date |
|------|-----------|----------|
| 11/15/2003 | 1046 | 12/17/2003 |

| Bill To |
|---------|
| G. David DeLozier |
| Attorney at Law |
| 4016 East Forest Pleasant |
| Cave Creek, AZ 85331-5439 |

| Inquiry Regarding |
|-------------------|
| Andriano Family |

| Date | Services / Expenses | Hours / Quantity | Amount |
|------|---------------------|------------------|--------|
| 10/24/03 | Pick up discovery from SE Courts Public Defender's office | 0.75 | 56.25 |
| 10/27/03 | Deliver discovery to DeLozier | 0.75 | 56.25 |

**G. DAVID DELOZIER, P.C., ATTORNEY**
PH. 480-575-6660
4016 E. FOREST PLEASANT PL.
CAVE CREEK, AZ 85331

7883

91-247
1221
25675022

DATE ___11-24-03___

PAY TO THE ORDER OF ___Rich Robertson Investigation___  | $ 112.50

___One hundred twelve + 50/100___  DOLLARS

**BANK ONE.**
Bank One, NA
Phoenix, Arizona 85012
www.BankOne.com

FOR ___Andriano DeLozier #1046___      ___Amy DeLozier___

⑆007883⑈ ⑆122100024⑈   266750 22⑈

*Merry Christmas, Happy New Year!*

Thank you for your business.

| Total | $112.50 |
|-------|---------|

PCRDIS-D001397

IN THE

COURT OF APPEALS

STATE OF ARIZONA

DIVISION TWO

FILED
ARIZONA COURT OF
APPEALS DIV. TWO

03 MAY 27  AM 9: 19

JEFFREY P. HANDLER
CLERK

IN THE MATTER OF THE ADOPTION OF: )
)
NICHOLAS ANDRIANO and )
ASHLEE ANDRIANO, )
)
Minor Children )
)
G. DAVID DELOZIER and )
G. DAVID DELOZIER, P.C., )
)
Real Parties In Interest/Appellants. )
_____ )

No. 2-CA-JV 2002-0127

Pinal County Superior
Court No. AD2001-0058

---

APPELLANT'S OPENING BRIEF

---

G. DAVID DELOZIER, P.C.
4016 Forest Pleasant Place
Cave Creek, Arizona 85331
Phone:  480-575-6660
Facsimile:  480-575-6661
e-mail:  gddelozier@aol.com

G. David DeLozier
State Bar No. 005237
In pro per

## TABLE OF CONTENTS

Table of Authorities .......................................................................... iv

Introduction ..................................................................................... 1

Statement of the Case ...................................................................... 3

      A.    Nature of the Case .......................................................... 3

      B.    Course of Proceedings in the Trial Court ....................... 4

      C.    This Court's Jurisdiction ................................................ 7

Statement of Facts ........................................................................... 8

Issue Presented For Review ............................................................. 14

Argument ......................................................................................... 14

I.      Standard of Review ................................................................. 14

II.     Discussion ............................................................................... 15

      A.    The Trial Court Lacked Subject Matter Jurisdiction
            To Consider The Guardians' Motion To Dismiss Or
            For Sanctions After The Ochoas Filed Their Notice Of
            Dismissal Under Rule 41(a)(1) On July 12, 2002. ......... 15

      B.    Sanctions Are Not Warranted Against Either The
            Ochoas Or Undersigned Counsel For Their Adoption
            Petition And Related Pleadings, Which Complied
            With Applicable Law In All Respects. .......................... 17

      C.    Under The Facts Of This Case, Neither Undersigned
            Nor The Ochoas Can Be Sanctioned For Failing
            To Abide By The Court's Orders. ................................. 22

P-App. 003734

not presume the unfitness of a parent, but instead must provide individualized procedural safeguards (notice, hearing, and proof of unfitness) before the state can terminate parental rights." *Id.* (quotation omitted). In the present matter, the Children's mother, Wendi Andriano, had filed a notice of withdrawal of her consent to the guardianship in the Maricopa County Superior Court. She had consented to the Ochoas' adoption of the Children. Accordingly, both the Ochoas and undersigned reasonably believed that they had fulfilled all of the requirements of Arizona law for the adoption of the minor Children.

C.   **Under The Facts Of This Case, Neither Undersigned Nor The Ochoas Can Be Sanctioned For Failing To Abide By The Court's Orders.**

The trial court was also apparently troubled by the fact that its orders were not complied with, *i.e.*, the petition was not served upon the guardians and the home study not updated. However, undersigned counsel reasonably construed the Court's order as a "conditional" order, *i.e.,* in order to proceed with the action, the guardians must be served. Adoption is a voluntary action by a party or couple, and a couple cannot be compelled to proceed with an adoption. Hence, undersigned counsel reasonably believed that if

---

were not "custodians" entitled to notice of an adoption petition and did not have standing to petition to vacate the adoption decree. *Id.* at 164-66.

P-App. 003735

the Ochoa did not desire to prosecute the adoption petition while simultaneously contesting the Lambeths' guardianship in Maricopa County Superior Court, they could not be compelled to do so. Obviously, by serving the guardians, the Ochoas would have been proceeding with an adoption proceeding that they did **not** desire to prosecute.[8]

In addition, the Ochoas and undersigned reasonably believed the matter would abate. Arizona Rule of Civil Procedure 4(i) provides that a matter is to be served within 120 days and, if not, the matter is subject to dismissal. Simply put, the "sanction" for failing to serve a party is dismissal of the matter. *Id.*

The Ochoas did not believe that they needed to serve the guardians, expand the home study, only to inform the court that they had no desire to proceed with the adoption. (Indeed, if any conduct would have been sanctionable, that would have been it.) Accordingly, both undersigned and the Ochoas believed that compliance with the trial court's orders were preconditions to proceeding with the adoption, not orders to be complied with even if they no longer desired to proceed.

---

[8]    Obviously, compelling a party to proceed with an action commenced by that party is contrary to both the spirit and letter of Rule 41(a).

P-App. 003736

## CONCLUSION

For the foregoing reasons, undersigned respectfully requests that this Court reverse the trial court's award of sanctions against him and the Ochoas.

**RESPECTFULLY SUBMITTED** this 27th day of May, 2003.

**G. DAVID DeLOZIER, P.C.**

By _____
        G. David DeLozier

24

P-App. 003737

1 | Daphne Budge
State Bar # 004823
2 | 45 West Jefferson, Suite 225
Phoenix, AZ 85003
3 | Tel. (602) 712-1227
Fax. (602) 712-9447

DIVISION 1
COURT OF APPEALS
STATE OF ARIZONA
FILED FEB 2 5 2004

4

Attorney for Appellants

PHILIP G. URRY, CLERK
By_____

5

6

7

8 COURT OF APPEALS

9 STATE OF ARIZONA

10

11

12 BRADLEY JAMES LAMBETH and
13 JENEA LAMBETH,

14 Petitioners-Appellees,

15

16 vs.

17 ALEJO OCHOA and DONNA
18 OCHOA,

19 Respondents-Appellants.

20

21

1-CCA-CV 04-0057

MARICOPA No. PB 00-004531

MOTION TO
REINSTATE APPEAL

22

23 Respondents-Appellants Donna and Alejo Ochoa, pursuant to Rule 6 of the
24 Arizona Rules of Civil Appellate Procedure and through their undersigned counsel,
25 move this honorable Court for its Order reinstating their appeal of the trial court's
26 award of $9,000.00 in attorney's fees. Respondents-Appellants' undersigned
27
28 attorney inadvertently missed the filing-fee deadline of February 10th, 2004.

1

Appellants submit the following Affidavit of Counsel in support of their reinstatement request.

RESPECTFULLY SUBMITTED this 25th day of February, 2004.

By _____
Daphne Budge
Counsel for Appellants

## AFFIDAVIT OF COUNSEL

State of Arizona    )

County of Maricopa    )

I, Daphne Budge, upon my oath, do swear to the facts set forth below:

1. I am the attorney of record for Appellants Donna and Alejo Ochoa.

2. This case was a contested guardianship involving Ashley and Nicholas Andriano, Appellants' young grandchildren.

3. The trial court awarded attorney's fees to Appellees in the amount of $9,000.00.

4. Appellants filed a timely Notice of Appeal from the fees award.

5. In a notice dated January 27th, 2004, this Court notified Affiant that the appellant's filing fee of $140.00 was due by February 10th, 2004. The notice was accidently misplaced in Affiant's office, causing Appellants to miss the filing deadline.

2

6.   Affiant's mistake was occasioned by the closing her solo law practice to accept a position in the Office of the Maricopa County Public Defender.

7.   The process of closing the office has disrupted the office's normal functioning, unfortunately resulting in the filing-deadline notice being misplaced.

8.   Affiant was alerted of the missed deadline when she received a copy of this Court's letter to the Clerk of the Maricopa County Superior Court, stating that the above-captioned appeal has been deemed abandoned pursuant to A.R.S. § 12-322A.

9.   Affiant has sought opposing counsel's stipulation to the requested reinstatement and is awaiting a response.

February 25th, 2004                    Daphne Budge
Date                                    Counsel for Appellants

Subscribed by and sworn to before me this date February 25, 2004

Lori A. Rangel
NOTARY PUBLIC

My commission expires on 5.23

OFFICIAL SEAL
LORI A. RANGEL
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires May 23, 2005

3